SNELLINGS *et al.* v. BOUNDS *et al.*, administrators.

ATKINSON, J.   The exceptions in this case are to a judgment overruling a motion for a new trial, which complained of rulings of the judge as to the admission of evidence, and of certain excerpts from the charge to the jury.

New Trial, 29 Cyc. p. 789, n. 4; p. 824, n. 41; p. 962, n. 6.
Trial, 38 Cyc. p. 1778, n. 73, 75, 76.

1. In so far as the grounds of the motion for new trial relating to the admission of evidence were sufficient to present any question for decision, none of them were meritorious.

2. There was no contention made that the portions of the charge which were complained of in grounds five and six of the motion for new trial did not state correct principles of law, though it was alleged that they were confusing and misleading in that they did not correctly state the contentions of the parties, and were not properly adjusted to the pleadings and the evidence. Upon a careful consideration of these grounds, and of the pleadings and the evidence, the portions of the charge of which complaint is made are not erroneous for the reasons stated.

3. In the seventh ground of the motion complaint is made of the following charge: "It is also a question entirely for you to determine from all the evidence, facts and circumstances in this case, as to whether or not this assignment from E. D. Snellings to Mr. R. T. Snellings was fraudulent. I charge you, gentlemen, that if you believe from the evidence, facts and circumstances in this case, that the assignment was fraudulent upon the part of E. D. Snellings to Mr. R. T. Snellings, then it would be your duty to find in favor of the administrators in this case; that is, that would be saying that they would be entitled to the funds in the hands of the clerk of the court." The criticism of the charge is that it "failed to go further and charge the jury that R. T. Snellings must have had some knowledge, or at least a reasonable suspicion of the fraud involved in this assignment made by E. D. Snellings to R. T. Snellings." In a subsequent portion of the charge the court instructed the jury: "If you believe . . that Mr. R. T. Snellings got this assignment of the homestead for a valuable consideration, and it was not done for the purpose of hindering, delaying, or defrauding creditors, and that he had no reasonable ground to suspicion the same, why in that event I charge you that the assignment would be good." *Held*, that this sufficiently answers the criticism of the charge.

4. The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

No. 5716. September 27, 1927.

Equitable petition. Before Judge Perryman. Wilkes superior court. October 29, 1926.

*Norman & Norman,* for plaintiffs in error.

*Clement E. Sutton,* contra.